IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

FEB -2 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

MELANIE CORRELL,

    Plaintiff,

v.                                 CIVIL ACTION NO.: 2:11cv477

BANK OF AMERICA, N.A., *et al.*
AND
SAMUEL I. WHITE, P.C.

    Defendants.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendants', Bank of America ("BOA") and Samuel I. White, P.C. ("White"), Motions to Dismiss Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Also before the Court is Plaintiff Melanie Correll's Motion to Remand pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. This matter has been fully briefed and is ripe for judicial determination. For the reasons stated herein, Defendants' Motions to Dismiss are **GRANTED** and Plaintiff's Motion to Remand is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

In November 2007, Plaintiff took out a first lien mortgage for the original principal amount of about $270,000.00 on 1233 Homestead Drive, Virginia Beach, Virginia 23464 ("the Property") which Defendant BOA serviced. Compl. ¶ 1-2. BOA is a lender and servicer who

---

[1] Both Defendants filed Motions to Dismiss in this case.

participates in the federal government's Home Affordable Modification Program ("HAMP"). Compl. ¶ 3. Plaintiff contends that under the provisions of HAMP, any foreclosure action will be temporarily suspended while the mortgagor and mortgagee consider alternative foreclosure options. Compl. ¶ 4. In the event that these alternative options are denied, the foreclosure action may be resumed. *Id.* In 2010, Plaintiff divorced from her husband who was court ordered to share in the mortgage payments. Compl. ¶ 5. Plaintiff claims that twice she and her ex-husband attempted to sell the Property but were unsuccessful because the buyer "backed out because BOA took so long to process the sale." Compl. ¶ 6. Subsequent to the failed attempts at a sale, Plaintiff alleges that she filed an application for a home loan modification with National Foreclosure Solutions ("NFS"). Compl. ¶ 7. With the aid of NFS, Plaintiff claims she entered loan modification review with BOA on May 13, 2010. On June 23, 2010, Plaintiff alleges the loan modification was cancelled "for no reason and with no denial notice sent to Ms. Correll or her ex-husband." Compl. ¶ 9. Plaintiff contends that with the help of NFS, she and her ex-husband again entered into a loan modification review with BOA that lasted from July 2010 through October 2010. Compl. ¶ 10. During this review period, Plaintiff claims she and her ex-husband submitted financial and hardship documentation. *Id.* Despite this, Plaintiff alleges that she was denied a modification in October for "failing to submit documents". *Id.*

Plaintiff and her ex-husband then failed to meet the requirements of their mortgage obligation resulting in delinquency. Compl. ¶ 11. Plaintiff was subsequently referred to the Foreclosure Review Committee who, according to Plaintiff, expressed a desire to assist Plaintiff and her ex-husband. Compl. ¶ 11. Plaintiff worked with NFS to submit two more loan modification packages, and claims BOA asked for additional documents that Plaintiff had

2

previously provided on numerous occasions. Compl. ¶ 12. After submitting the final package, Plaintiff alleges NFS requested a postponement of foreclosure sale on Plaintiff's behalf. Compl. ¶ 14. Plaintiff claims BOA told a NFS representative that "Freddie Mac would not stop the sale even though Freddie Mac is the agency that enforces the HAMP program and it always approves loan modifications when the HAMP guidelines are met." *Id.* Plaintiff claims she was within the HAMP guidelines "at all times during the process". Compl. ¶ 13.

On July 29, 2011, Plaintiff filed this Complaint and a Petition for Preliminary Injunction in the Circuit Court for the City of Virginia Beach. Plaintiff's Complaint alleges Defendant BOA breached the implied duty of good faith and fair dealing contained in The Note and Deed of Trust by: (i) dragging out the short sale process so long that two buyers walked away, (ii) falsely assuring Plaintiff about the status of the HAMP loan modification, (iii) repeatedly asking for information and assuring Plaintiff that BOA wished to assist her and her ex-husband, acknowledging receipt of documentation and then denying any assistance because of lack of documentation, and (iv) failing to meet governmental prerequisites for the foreclosure of the home. Compl. ¶ 17. Plaintiff further contends Defendant BOA committed negligence per se by failing to comply with the HAMP statute in processing the loan. Plaintiff claims tortious interference between the Plaintiff and the note-holder by Defendant's interference with an economically beneficial relationship between Plaintiff and the note-holder. Compl. ¶¶ 28-30. Plaintiff prays for a rescission of the foreclosure sale and a preliminary injunction enjoining Defendants from foreclosing on the Property. Compl. ¶¶ 31-37.

On August 25, 2011, Defendants removed this action to the United States District Court for the Eastern District of Virginia, Norfolk Division. Defendants claim removal was proper on

two grounds: (1) diversity jurisdiction and (2) federal question jurisdiction. Defendants filed a Motion to Dismiss on September 1, 2011. Plaintiff filed a Motion to Remand to the Circuit Court for the City of Virginia Beach on September 12, 2011.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In determining these motions, courts must be mindful of Rule 8, which only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Rule 8 does not require that a complaint contain "detailed factual allegations" in order to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4

defendant is liable for the misconduct alleged.").

Federal Rule of Civil Procedure 12(h)(3) provides for the dismissal of an action at any time the court determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Outside of areas of exclusive jurisdiction, a federal court has subject matter jurisdiction over a claim when the matter "arises under the Constitution, laws, or treatises of the United States," 28 U.S.C. § 1331 (federal question jurisdiction), or if "the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states," 28 U.S.C. § 1332(a)(1) (diversity jurisdiction).

To obtain a preliminary injunction, a plaintiff must establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. NRDC*, 555 U.S. 7, 20 (2008); *Real Truth About Obama, Inc. v. REC*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 130 S. Ct. 2371 (2010).

### III. DISCUSSION

Defendants claim that Plaintiff's causes of action for breach of implied good faith and fair dealing, negligence, and tortious interference must fail as a matter of law. Defendant BOA argues that Plaintiff's contentions are merely a disguised attempt to assert violations of HAMP. Mem. Law Supp. Def.'s Mot. Dismiss 6, ECF No. 6. Defendant BOA asserts that these causes fail because HAMP does not provide for a private cause of action against any party participating in the program. *Id.* Defendant White also claims that as a substitute trustee he merely acts as an agent on behalf of the lender and borrower and has no powers, including a fiduciary duty, outside of the contractual terms of the Deed of Trust. Defendant White thus claims that he acted

5

fully within the duties of the Deed of Trust. Further, Defendant White contends that the Plaintiff cannot point to any expectation or other damage outside of "profits" through a foreclosure sale for which the Defendant interfered.

## I. HAMP Violations Do Not Grant Individuals a Private Right of Action

The United States Department of Treasury created the Home Affordable Modification Program as a response to the increasing number of foreclosures in the United States. *Bourdelais v. J.P. Morgan Chase*, No. 3:10cv670, 2011 WL 1306311, at *1 (E.D. Va. Apr. 1, 2011). HAMP is intended to promote loan modifications and discourage foreclosures by reducing the monthly mortgage rate payments of struggling homeowners. *Id.* Those at imminent risk of foreclosure are enabled to lower their monthly mortgage payments to no more than thirty-one percent of their monthly income for at least five years. *Id.* Participating servicers enter into an agreement with the Federal National Mortgage Association ("Fannie Mae") which states that servicers agree to modify loans and prevent foreclosures. In return, lenders receive governmental incentive payments of $1000 for every loan they modify. Borrowers must qualify for the program.

### A. Breach of the Implied Duty of Good Faith and Fair Dealing

The Plaintiff alleges Defendant BOA breached the implied duty of good faith and fair dealing contained in The Note and Deed of Trust. Compl.¶ 16. Courts have uniformly held that HAMP creates no binding contract between the lender/servicer and the mortgagee. *See Sherman v. Litton Loan Servicing*, 796 F. Supp. 2d 753, 764 (E.D. Va. 2011); *Parks v. BAC Home Loan Servicing, LP*, 3:11CV541-JAG, 2011 WL 5239240 at *2 (E.D. Va. Nov. 1, 2011); *Pennington v. PNC*, No. 2:10cv361, 2010 U.S. Dist. LEXIS 143157, at *10 (E.D. Va. Aug. 11,

2010). Rather, HAMP creates a binding contract between the mortgage servicer (here BOA) and Fannie Mae, as a financial agent of the United States. *Pennington,* 2010 U.S. Dist. LEXIS 143157, at *10. Individual homeowners are *not* parties to the contract. *Id.* Similarly, courts have found that a HAMP violation can constitute a breach of the implied duty of good faith and fair dealing *only* if the contract creates a separate duty to facilitate loan modification. *Singh v. Wells Fargo Bank,* No. 1:10cv1659, 2011 WL 66167, at *7 (E.D. Cal. Jan. 7, 2011) (emphasis added). No duty was created here as The Note and Deed of Trust did not require BOA to modify Plaintiff's loan. Thus, to create an enforceable claim against BOA as mortgage servicer, Plaintiff can only rely on two theories: a private right of action under HAMP or Plaintiff as a third party beneficiary to the parties' contract. *Pennington,* 2010 U.S. Dist. LEXIS 143157, at *10.

Courts have consistently found that HAMP does not create a private right of action for homeowners. *See Parks,* 2010 WL 5239240, at *2 ("Courts have uniformly rejected [private HAMP] claims."); *Mosley v. Wells Fargo Bank, N.A.,* 802 F. Supp. 2d 695, 698-99 (E.D. Va. 2011) ("Federal courts have uniformly held that relief cannot be granted to private plaintiffs for HAMP claims because HAMP created no private cause of action for borrowers against lenders, but instead delegated compliance authority to Freddie Mac."); *Melton v. Suntrust Bank,* 780 F. Supp. 2d 458, 459 (E.D. Va. 2011) ("[I]t is well established that there is no private cause of action under HAMP.") (citing *Singh,* 2011 WL 66167, at *7 (E.D. Cal. Jan. 7 2011)); *Pennington,* 2010 U.S. Dist. LEXIS 143157, at *11 ("Plaintiffs do not have a private right of action to enforce applicable HAMP regulations."). Instead, aggrieved parties must sue the Department of Treasury and prove that the Department (by the Secretary of Treasury) caused the

Plaintiff's alleged harm. *Pennington*, 2010 U.S. Dist. LEXIS 143157, at *10-11. The Complaint does not include the Department of Treasury, therefore the court finds no enforceable action for breach of the implied duty of good faith and fair dealing under a private action.

Courts have also uniformly rejected the contention that individuals have a right to sue as third-party beneficiaries to contracts between mortgage providers and Fannie Mae. *See Bourdelais*, 2011 WL 1306311, at *3; *see also Pennington*, 2010 U.S. Dist. LEXIS 143157, at *12-13. Homeowners are merely incidental beneficiaries "with no cognizable property interest in loan modifications". *Bourdelais*, 2011 WL 1306311, at * 3; *See e.g., Villa v. Wells Fargo Bank, N.A.*, No. 10CV81 DMS (WVG), 2010 WL 935680, at *3 (S.D. Cal. Mar. 15, 2010) ("[T]he language of the contract failed to demonstrate the parties intended to grant enforceable rights under the contract to borrowers."); *Escobado v. Countrywide Loans, Inc.*, No. 09cv1557 BTM (BLM), 2009 WL 4981618, at *2 (S.D. Cal. Dec. 15, 2009) ("To sue as a third-party beneficiary of a contract, the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party.") (citing *Klamath Waters Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210-11 (9th Cir. 2000)). The Plaintiff has provided no indication or pleadings to suggest the HAMP modification agreement intended to name her as a third-party beneficiary. The court thus rejects Plaintiff's breach of the implied duty of good faith and fair dealing claim.

### B. Negligence Per Se/ Willful Mishandling

Plaintiff alleges that Defendant BOA's "willful mishandling" of Plaintiff's loan modification agreement constitutes negligence per se. Plaintiff puts forth a theory highlighting the purposes and policies behind HAMP and contends that BOA's alleged failure to properly process the loan directly violates HAMP's rationale thus constituting negligence per se. Compl. ¶¶ 20-25. However, Plaintiff's allegations merely constitute a veiled second attempt at a breach of contract claim.

In order to establish a successful negligence claim under Virginia state law, a Plaintiff must show the existence of a legal duty, a breach of that duty, and harm proximately caused by the breach. *Sherman*, 796 F. Supp. 2d at 764 (citing *Atrium Unit Owners Ass'n v. King*, 585 S.E.2d 545 (2003)). The Plaintiff has the burden of proving each element.[2] *Sherman*, 796 F. Supp. 2d at 765. Typically, this duty cannot arise solely from a contractual obligation. *Id.* (citing *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 507 S.E.2d 344, 347 (1998)). Virginia state law requires that the duty come not only from the contract but also from the common law. In *Sherman*, the Plaintiff alleged that the Defendant agreed to modify the contract for loan modification and thus his failure to modify constituted negligence per se. *Sherman*, 796 F. Supp. 2d at 765. The court held that because this duty alleged could only come from the contractual obligation it was thus non-actionable. *Id.* In the instant case, Plaintiff solely relies on the HAMP contract and thus fails to show any duty BOA owed. Therefore, Plaintiff's claim for negligence per se must fail.

---

[2] Plaintiff fails to mention any of these elements in the Complaint.

### C. Tortious Interference

Plaintiff alleges Defendant BOA tortiously interfered with the contract between the Plaintiff and the note-holder. Compl.¶ 28-30. To successfully prove a tortious interference claim a Plaintiff must show: (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Chaves v. Johnson*, 335 S.E.2d 97, 102 (Va. 1985).

Plaintiff has failed to sufficiently plead allegations of tortious interference in the Complaint. First, tortious interference must involve interference by the accused with the performance of a contract between another and a third person. *Chaves*, 335 S.E.2d at 120. Plaintiff has failed to sufficiently plead the existence of a contract, the existence and identity of the "note-holder", the business relationship that existed between the parties, an alleged intentional breach, and knowledge of the relationship by the interferor. It is undisputed that BOA is a party to the contract. A claim for tortious interference fails here because an individual cannot tortiously interfere with its own contract. *Little Professor Book Co. v. Reston N. Pt. Vill.*, 41 Va. Cir. 73 (Va. Cir. Ct. 1996) (citing *Fox v. Deese*, 362 S.E.2d 699 (Va. 1987)). Defendant has failed to sufficiently plead a cause of action for tortious interference.[3]

---

[3] Because the Court finds that the Plaintiff cannot survive Defendants' Motions to Dismiss, the Court will not address Plaintiff's additional claims for rescission of sale and a preliminary injunction.

**II. Plaintiff's Motion to Remand**

Plaintiff contends that the parties lack complete diversity jurisdiction because Plaintiff and Defendant Samuel I. White are both residents of Virginia.[4] Plaintiff alleges that Defendant White is a proper party as substitute trustee and points to *Payne v. Bank of Am., N.A.*, as holding that substitute trustees can be considered necessary parties, thus making them properly joined. No. 3:09-cv-00080, 2010 WL 546770, at *6-7 (W.D. Va. Feb. 11, 2010). However *Payne* is distinguishable from the case at hand because the Plaintiff in *Payne* had made actual factual allegations against the trustee. *Id.* Here, Plaintiff never mentions the substitute trustee by name and makes no factual allegations against Defendant White, as substitute trustee, that could be considered analogous to *Payne*. In fact, the only times in which the word "substitute trustee" is mentioned in the Complaint reference to violations of public policy and undermining government efforts to improve the economy. Compl. ¶¶ 33, 37.

The *Payne* court found that the plaintiff's complaint contained "significant factual allegations" against the substitute trustee, including conversations between the plaintiff and the substitute trustee as well as allegations that the substitute trustee failed to provide the plaintiff with the necessary information for reinstatement. *Payne*, 2010 U.S. Dist. LEXIS 12076, at *20. The facts of this case differ markedly from the facts in *Payne*. The Court believes the addition of the substitute trustee to this foreclosure sale is nominal only. Absence significant factual contentions against the substitute trustee, its citizenship cannot be considered for purposes of determining diversity jurisdiction. *See Wygal v. Litton Loan Servicing LP*, No. 5:09-cv-00322, 2009 U.S. Dist. LEXIS 73183, at *13-15 (S.D. W. Va. Aug. 18, 2009). Therefore, diversity of

---

[4] Defendant BOA is a resident of North Carolina.

citizenship exists among the necessary parties.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss the Complaint are **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand is **DENIED.**

There being no other issues to be resolved, this case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Norfolk, VA
February 2, 2012

Raymond A. Jackson
United States District Judge